UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>STEVE ROSADO,<br><br>Defendant. |

21-cr-3 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Defendant Steve Rosado made electronic and telephonic contact between November 30 and December 7, 2020 with someone who, unbeknownst to him, was an undercover agent, in order to try to arrange to arrange sexual activity with two girls Rosado believed to be the agent's twelve- and nine-year-old daughters. Rosado then traveled to New York, NY to meet with the purported minors. A two-count indictment charges Rosado in Count One with attempted coercion and enticement, in violation of 18 U.S.C. § 2422(b) and 2, and in Count Two, with committing a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A. Before the Court is Rosado's motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2). Rosado argues that the prosecution's evidence and allegations cannot support a conviction under Count One, and that the commission of an offense that involves only a fictitious minor cannot support a conviction under Count Two. For the reasons that follow, the Court denies the motion.

1

## LEGAL STANDARD

On a pretrial motion to dismiss an indictment, "the Court accepts the allegations in the indictment as true and focuses on the legal sufficiency of the indictment itself, without ruling on the legal sufficiency of the evidence or contrary assertions of fact." United States v. Rubin/Chambers, Dunhill Ins. Servs., 798 F. Supp. 2d 517, 522 (S.D.N.Y. 2011) (internal citations omitted); see also United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998); United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985). An indictment is sufficient when it "contains the elements of the offense charged," "fairly informs a defendant of the charge against which he must defend," and includes enough detail that the defendant "may plead double jeopardy in a future prosecution based on the same set of events." United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (internal citations and quotation marks omitted). The court may consider the sufficiency of the government's evidence on a pretrial motion to dismiss the indictment only when "the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial." United States v. Sampson, 898 F.3d 270, 282 (2d Cir. 2018) (quoting Alfonso, 143 F.3d at 777).

ANALYSIS

I.   The Court denies the motion to dismiss Count One.

Count One of the Indictment alleges that between November 30 and December 7, 2020, in the Southern District of New York and elsewhere, Steve Rosado "using facilities and means of interstate and foreign commerce, unlawfully, willfully, and knowingly attempted to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense." Indictment, ECF No. 5, at ¶ 1. The indictment further alleges that Rosado "communicated by text, chat, and phone call with an undercover agent to arrange to engage in sexual activity with a purported twelve-year-old girl and a purported nine-year-old girl, and attempted to meet with the purported minors in New York, New York to engage in sexual activity." Id.

A.   The Court may not weigh the sufficiency of the prosecution's evidence.

The defendant argues that Count One of the indictment should be dismissed, because there is insufficient proof "based on the closed universe of evidence that this case presents" that Rosado used the internet to attempt to persuade a minor to engage in sexual activity using means of interstate commerce in violation of 18 U.S.C. § 2242(b). First, Rosado argues that the evidence does not show that Rosado communicated directly with the purported

minors or passed messages, photos, or videos to the minors through the agent, and thus no enticement can have occurred. Second, Rosado argues that the evidence amounts to, at most, mere preparation to entice and not the "substantial step" required for attempt under 18 U.S.C. § 2. Third, Rosado argues that the evidence does not establish the use of a means of interstate commerce to persuade a minor to engage in sexual activity.

These arguments go to the sufficiency of the evidence and are inappropriate for pretrial resolution where, as here, the Government has not made a full proffer of the evidence it would put on at trial. See Sampson, 898 F.3d at 282. Though the defendant insists that this case presents a "closed universe of evidence" (whatever that may mean), there is no suggestion -- and the Government denies -- that the prosecution has made "a detailed presentation of the entirety of the evidence." See Alfonso, 143 F.3d at 776-77. Accordingly, the Court may address only the sufficiency of the Indictment on its face.

B.  The Indictment is sufficient as a matter of law.

Rosado first argues that the facts alleged by the prosecution do not support a conviction for enticement under 18 U.S.C. § 2422(b), because Rosado allegedly conversed with the undercover agent posing as the minors' guardian, not with the minors themselves.

4

The argument that communications with an undercover agent posing as a minor's guardian cannot support an enticement conviction is foreclosed by Second Circuit precedent. Title 18 U.S.C. § 2422(b) criminalizes "an attempt to entice or an intent to entice, and not an intent to perform the sexual act following the persuasion." United States v. Brand, 467 F.3d 179, 201-02 (2d Cir. 2006). A defendant can "obtain or attempt[] to obtain a minor's assent to unlawful sexual activity" by communicating with a minor directly, or "by persuading a minor's adult guardian to lead a child to participate in sexual activity." United States v. Douglas, 626 F.3d 161, 164-65 (2d Cir. 2010). Thus, the allegations of the Indictment are sufficient to support Count One. See United States v. Wedd, 993 F.3d 104, 121 (2d Cir. 2021); United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992).

Rosado next argues that the prosecution's allegation that Rosado travelled to meet the purported minors cannot constitute a substantial step in an enticement case. To establish that Rosado is guilty of attempted enticement, "the government must prove that the defendant had the intent to commit the crime and engaged in conduct amounting to a 'substantial step' toward the commission of a crime." See United States v. Yousef, 327 F.3d 56, 134 (2d Cir. 2003). A substantial step goes beyond "mere preparation." United States v. Manley, 632 F.2d 978, 987-88 (2d Cir. 1980). A substantial step is an action "necessary to the consummation of

the crime . . . of such a nature that a reasonable observer, viewing it in context[,] could conclude beyond a reasonable doubt" that the defendant's actions were "undertaken in accordance with a design to violate the statute." Id. at 988.

Rosado argues that the crime of enticement is communicative in nature, and thus travelling to meet fictitious minors in New York can be, at most, mere preparation to entice the minors in person. However, the Second Circuit has repeatedly held that going to a prearranged meeting place can be a substantial step toward completing the crime of enticement. See, e.g., United States v. Brand, 467 F.3d 179, 204 (2d Cir. 2006) (finding that a defendant's "actions in attempting to set up a meeting with [a purported minor] further support the jury's finding that [defendant] attempted to entice a minor," and the defendant "took a 'substantial step' towards the completion of the crime because [the defendant] actually went to . . . the meeting place that he established with [the minor]"); United States v. Gagliardi, 506 F.3d 140, 150 (2d Cir. 2007) (finding "meritless" the argument that making arrangements to have sexual contact with a minor and then traveling to a designated meeting place is not a substantial step).

Finally, Rosado argues the alleged attempt to entice was not committed using a means of interstate commerce, because Rosado did not communicate with the minors online and instead planned to meet them face-to-face. However, the Indictment plainly alleges that

6

indirect enticement via the minors' purported guardian occurred by "using facilities and means of interstate and foreign commerce, . . . to wit, . . . text, chat, and phone call." Indictment ¶ 1.

The Indictment recites the elements of the offense, states the time and place the offense allegedly occurred, and offers enough detail that Rosado could plead double jeopardy if prosecuted again based on the same set of events. Moreover, as shown above, the Indictment alleges facts that, if proven, could constitute enticement in violation of 18 U.S.C. § 2422. Accordingly, the indictment is legally sufficient. See Hamling v. United States, 418 U.S. 87, 117 (1974); Stravroulakis, 952 F.2d at 693.

II.  The Court denies the motion to dismiss Count Two.

Count Two of the Indictment alleges that between November 30 and December 7, 2020 in the Southern District of New York and elsewhere, Rosado "committed a felony offense involving a minor" under 18 U.S.C. § 2422 while being required to register as a sex offender. Indictment at ¶ 2.

Title 18 U.S.C. § 2260A criminalizes "commit[ting] a felony offense involving a minor under [inter alia] section . . . 2422" while "being required by Federal or other law to register as a sex offender." Section 2422, in turn, provides that a person who uses a means of interstate commerce to "knowingly persuade[], induce[], entice[], or coerce[]" an individual under eighteen to engage in unlawful sexual activity, "or attempts to do so," shall be fined

7

and imprisoned for at least ten years. 18 U.S.C. § 2422(b). The "attempt" language of section 2422 expands the statute's scope to encompass attempts to entice fictional minors. See Gagliardi, 506 F.3d at 147.

Rosado moves to dismiss Count Two on the ground that the section 2422(b) offense charged here does not involve an actual minor, and therefore Rosado cannot have "committed a felony offense involving a minor" under 18 U.S.C. § 2260A.

Section 2260A criminalizes the commission of felony offenses involving a minor, then enumerates sixteen such offenses. Some of those offenses, like kidnapping, do not always relate to minors, and in such circumstances, the phrase "involving a minor" further directs the reader to other provisions, such as the subsection on kidnapping children. See 18 U.S.C. § 1201(g). Unlike kidnapping or sex trafficking, section 2422(b) only "involves," that is, only applies to, a minor. Section 2422(b) criminalizes not only the completed crime of enticing a minor, but also any attempt to entice a minor. The case law is settled that a defendant can commit the offense of attempt under section 2422(b) even when no real minor is in danger, because the crime of attempted enticement "focus[es] on the subjective intent of the defendant, not the actual age of the victim." See Gagliardi, 506 F.3d at 147 (quoting United States v. Tyarsky, 446 F.3d 458, 466 (3d Cir. 2006)). Since "a violation of § 2422(b) does not require an actual minor due to its attempt

clause, neither does a violation of § 2260A require the involvement of an actual minor when that violation is predicated on a violation of § 2422." United States v. Slaughter, 708 F.3d 1208, 1215 (11th Cir. 2013) (internal citations omitted).

Further, when Congress has wanted to limit crimes and attempted crimes under this Chapter to offenses involving real children, Congress has clearly stated that the offense must involve "actual minors." See, e.g., 18 U.S.C. § 2252A (prohibiting possession of pornographic material depicting "actual minors"). If Congress intended to impose heightened penalties only for violations of section 2422(b) that involved "actual minors," as defendant suggests, Congress could have said so, but chose not to.

It remains only to add that the two Circuit Courts of Appeals to consider whether a violation of Section 2422(b) can be a predicate offense under section 2260A when no actual minor is involved have rejected defendant's arguments. See United States v. Fortner, 943 F.3d 1007, 1009-10 (6th Cir. 2019); Slaughter, 708 F.3d at 1215.

CONCLUSION

For the foregoing reasons, the defendant's pretrial motions to dismiss the Indictment are hereby denied.

SO ORDERED.

Dated:    New York, NY
          6-4-21

                                        JED S. RAKOFF, U.S.D.J